| | |
|---|---|
| 1 | DIANE J. HUMETEWA<br>United States Attorney<br>District of Arizona |
| 2 | |
| 3 | Joseph E. Koehler<br>Assistant U.S. Attorney<br>Two Renaissance Square<br>40 N. Central Avenue, Suite 1200<br>Phoenix, Arizona 85004-4408<br>Arizona State Bar No. 013288<br>Telephone (602) 514-7500<br>joe.koehler@usdoj.gov |
| 4 | |
| 5 | |

```
         ___ FILED    ✓ LODGED
         ___ RECEIVED ___ COPY

              MAR 2 0 2008

         CLERK US DISTRICT COURT
           DISTRICT OF ARIZONA
         BY_____ DEPUTY


         ✓ FILED     ___ LODGED
         ___ RECEIVED ___ COPY

              JUN 1 6 2008

         CLERK U S DISTRICT COURT
           DISTRICT OF ARIZONA
         BY_____ Z DEPUTY
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| United States of America, | CR-07-159-PHX-MHM |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| Matthew Medina, | |
| Defendant. | |

Plaintiff, United States of America, and defendant, MATTHEW MEDINA, hereby agree to the following disposition of this matter:

### PLEA

Defendant will plead guilty to Count 3 of the Superseding Indictment, charging False Statements in Connection With the Acquisition of Firearms; Title 18, United States Code, Section 924(a)(1)(A) and 2, a Class D felony offense.

### TERMS

Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

SCANNED

1. **MAXIMUM PENALTIES**

   a. A violation of Title 18, United States Code, Section 924(a)(1)(A) is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of five years, or both, and a term of supervised release of three years.

   b. According to the advisory Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the court shall:

   (1) Order defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663, the Court determines that restitution would not be appropriate in this case;

   (2) Order defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611, Defendant establishes the applicability of the exceptions found therein;

   (3) Order defendant, pursuant to Title 18, United States Code, Section 3583 to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and the Court may impose a term of supervised release in all other cases.

   c. Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on Defendant of $100.00. The special assessment is due at the time defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

2. **AGREEMENTS REGARDING SENTENCING**

   a. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and defendant stipulate as follows: defendant's sentence will be capped at the low end of the applicable advisory Sentencing Guideline range, defendant will solely be held accountable for the firearms he purchased during and in relation to the conspiracy, and defendant shall not receive a reduction of base offense level under Sentencing Guideline § 3B1.2; Mitigating Role. There are no other agreements regarding defendant's sentence.

b.  If the court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement, giving defendant, in accordance with Fed. R. Crim. P. 11(c)(5), an opportunity to withdraw the guilty plea.

c.  The United States retains the unrestricted right to make any and all statements it deems appropriate to the Probation Office and to make factual and legal responses to any statements made by the defendant or defense counsel or objections to the presentence report or to questions by the court at the time of sentencing.

d.  <u>Acceptance of Responsibility.</u> Assuming defendant makes full and complete disclosure to the Probation Department of the circumstances surrounding defendant's commission of the offense, if defendant would be eligible for a recommended two-point reduction pursuant to Section 3E1.1 of the Guidelines and, if defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a three-point reduction in the advisory sentencing guideline offense level, as set forth in Section 3E.1 of the Guidelines.

3.  **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a.  Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States will dismiss Counts 1 and 11 of Superseding Indictment solely in regards to defendant after defendant is sentenced on Count 3 of the Superseding Indictment.

b.  This agreement does not, in any manner, restrict the actions of the United States in any other district nor bind any other United States Attorney's Office.

c.  The United States is not presently aware of any federal investigations or charges.

4.  **WAIVER OF DEFENSES AND APPEAL RIGHTS**

Defendant waives any and all motions, defenses, probable cause determinations, and objections which defendant could assert to the indictment or information or to the Court's entry of judgment against defendant and imposition of sentence upon defendant, providing the sentence is consistent with this agreement. Defendant further waives: (1) any right to appeal the

Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack defendant might file challenging his conviction or sentence in this case.

## 5. PERJURY AND OTHER FALSE STATEMENT OFFENSES OR OTHER OFFENSES

Nothing in this agreement shall be construed to protect defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement. Any information, statements, documents, and evidence which Defendant provides to the United States pursuant to this agreement may be used against the defendant in all such prosecutions.

## 6. REINSTITUTION OF PROSECUTION

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. Defendant understands that any statements made at the time of defendant's change of plea or sentencing may be used against defendant in any subsequent hearing, trial or proceeding as permitted by Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

## 7. DISCLOSURE OF INFORMATION TO U.S. PROBATION OFFICE

a. Defendant will cooperate fully with the United States Probation Office. Such cooperation will include truthful statements in response to any questions posed by the Probation

Department including, but not limited to:

    (1) All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

    (2) All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

    (3) All history of drug abuse which would warrant a treatment condition as part of sentencing.

    (4) All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

## ELEMENTS OF THE OFFENSE AND FACTUAL BASIS

Defendant has been advised of the following elements for the offense of Title 18, United States Code, Section 924(a)(1)(A) and 2; False Statements in Connection With the Acquisition of Firearms, and that in order to be found guilty of the charge at trial, the United States would have to prove each of the following elements beyond a reasonable doubt with respect to the charge:

**Elements**

**False Statements in Connection With the Acquisition of Firearms**

First, the firearms seller named in the indictment was a licensed firearms dealer;

Second, in connection with the purchase of the firearms listed in the indictment, defendant knowingly made a false statement or representation;

Third, defendant knew the statement or representation was false;

Fourth, the statement was with respect to information required to be kept in the records of the licensed firearms dealer; and

Fifth, defendant's conduct, as alleged in the indictment, occurred within the District of Arizona on or about November 18, 2006.

**Factual Basis**

I further admit that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On or about November 18, 2006, in the District of Arizona, defendant, in connection with the acquisition of eight firearms, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of the Mad Dawg Global Marketing, located in the District of Arizona, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, that is, defendant did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives, form 4473, Firearms Transaction Record, stating that he was the actual buyer of five DPMS, Model A3 Lite, .223 caliber, AR-15 style rifles, serial numbers F054095, F056508, F056523, F054308, and F054312; two DPMS, Model A1 Lite, .223 caliber, AR-15 styles rifles, serial numbers F054305 and F055419; and one Romanian Arms, .223 caliber, AK-47 style rifle, serial number EC-2912-72, whereas in truth and in fact, as defendant well knew, co-defendants LUCIO R. AGUILAR Jr., RAUL VILLA GARCIA, and others were the true purchasers of the firearms. Defendant was aware these firearms were intended to be illegally trafficked into the Country of Mexico.

I understand that I will have to swear under oath to the accuracy of this statement, and if I should be called upon to testify about this matter in the future, any intentional material inconsistencies in my testimony may subject me to additional penalties of perjury or false swearing which may be enforced by the United States under this agreement.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

3/11/08
Date

MATTHEW MEDINA
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional

and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory sentencing guideline with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

3/11/08
Date

GEORGE KLINK
Attorney for Defendant

**UNITED STATES' APPROVAL**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

DIANE J. HUMETEWA
United States Attorney
District of Arizona

3/20/08
Date

JOSEPH E. KOEHLER
Assistant U.S. Attorney

**COURT'S ACCEPTANCE**

6-19-08
Date

MARY H. MURGUIA
United States District Judge